UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANYCE TILMON-JONES,
individually, and in her capacity as Personal
Representative of the Estate of Abrim Tilmon, Jr;
CATHERINE M. CARTWRIGHT,
an individual resident of the state of Michigan;
STEVEN M. TILMON,                                                  Case No. 11-13002
an individual resident of the state of Indiana;
GLOBAL ROYALTY NETWORK &                                           Hon. John Corbett O'Meara
PUBLISHING, a Gibraltar Corporation,

      Plaintiffs,

v.

BRIDGEPORT MUSIC, INC.,
a Michigan corporation; SOUTHFIELD MUSIC, INC.,
a Michigan corporation; WESTBOUND RECORDS, INC.,
a Michigan corporation; NINE RECORDS, INC.,
a Michigan corporation; SYNC2PICTURE, LLC,
a Michigan limited liability company; and
ARMEN BOLADIAN, an individual resident
of the state of Michigan,

      Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS COMPLAINT AND FOR SANCTIONS**

      Before the court is Defendants' amended motion to dismiss the complaint or for summary judgment, which was filed October 31, 2011.[1]  Rather than file a response, Plaintiffs filed a request for the court to consider Defendants' motion under Rule 56 and for discovery on November 28, 2011.  Defendants filed a motion to strike Plaintiffs' request as untimely on

---

[1] Defendants filed a motion to dismiss the original complaint on September 23, 2011, which was rendered moot by the filing of the amended complaint on October 15, 2011.

December 5, 2011, which has been fully briefed. Defendants also filed a motion for sanctions on January 19, 2012, to which Plaintiffs responded on February 6, 2012. This matter was reassigned from Judge Friedman on January 20, 2012.

## BACKGROUND FACTS

This action involves a dispute regarding the ownership of copyrights to various musical compositions. Plaintiffs are Janyce Tilmon-Jones, individually and in her capacity as personal representative of the Estate of Abrim Tilmon, Jr.; Catherine M. Cartwright and Steven M. Tilmon, heirs to the Estate of Abrim Tilmon, Jr.; and Global Royalty Network and Publishing. Defendants are Bridgeport Music, Inc.; Southfield Music, Inc.; Westbound Records, Inc.; Nine Records, Inc.; Sync2Picture, LLC; and Armen Boladian. Boladian is president of each of the Defendant companies, except for Sync2Picture.[2] Bridgeport and Southfield are Boladian's music publishing companies; Westbound and Nine Records are his record labels.

Abrim Tilmon, Jr., was a songwriter, recording artist, and producer known for his work as a founding member and lead singer for the musical group the Detroit Emeralds. During the 1970s, Abrim Tilmon entered into songwriter agreements with Bridgeport Music, assigning his interest in numerous musical works to Bridgeport. On March 31, 1976, and December 17, 1980, Abrim Tilmon entered into two additional agreements with Bridgeport, assigning his interest in musical compositions, including the forty-one songs at issue in this suit (the "Abrim Tilmon Catalogue"). See Compl. at ¶¶ 23-24. In accordance with these agreements, Bridgeport and Southfield filed and received copyrights to the Abrim Tilmon Catalogue. Compl. at ¶ 27.

---

[2] Plaintiff's complaint does not articulate any claims against Sync2Picture. Accordingly, the court will dismiss it from this action.

Abrim Tilmon died in 1982. Pursuant to the Copyright Act of 1976, a copyright expires after twenty-eight years and may be renewed either by registration or automatically. If the author is deceased at the time of renewal, as was the case here, the renewal copyright automatically vests in the surviving spouse and/or children. Plaintiffs contend that each of the renewal copyrights in the Abrim Tilmon Catalogue automatically vested in the Estate of Abrim Tilmon at the time of their renewal periods. Plaintiffs allege, however, that Defendants "falsely and fraudulently claimed and continued to claim ownership to the renewal term of the musical works complained of herein by, among other things, renewing each of the musical works complained of herein with the U.S. Copyright Office." Compl. at ¶ 33.

Defendants contend that Bridgeport's copyright administrator, Jane Peterer Music Corporation, filed renewals for thirty-four songs of the Abrim Tilmon Catalogue with the U.S. Copyright Office. See, e.g., Compl. at Exs. 7, 9, 13. The renewal applications, attached to the complaint, list Abrim Tilmon or Plaintiff Tilmon-Jones as the copyright claimant, not Bridgeport.

Defendants also filed copyrights to new versions and arrangements of seventeen Abrim Tilmon Catalogue songs in 1998. Defendants contend that these copyrights were filed during Bridgeport's ownership period and that all list Abrim Tilmon as the author of the words and music and Bridgeport as the author of the arrangement.

On September 14, 2006, Plaintiff Tilmon-Jones, individually and as personal representative of the Estate of Abrim Tilmon, filed an action in this court against Bridgeport and Boladian. See Case No. 06-14048. In that case, Tilmon-Jones alleged copyright infringement and sought a declaration of ownership of two songs from the Abrim Tilmon Catalogue: "Feel the

Need" and "Yes, I Know I'm in Love." The parties entered into a settlement agreement and the court entered a consent order of settlement on September 6, 2007.

On November 19, 2010, Tilmon-Jones filed a motion to set aside the settlement order in Case No. 06-14048, arguing that it had been procured through fraud on the court. Tilmon-Jones withdrew the motion on January 4, 2011, but re-filed it on November 1, 2011. On January 10, 2012, the court rejected Tilmon-Jones's attempt to re-open the matter, finding that her accusations of fraud did not have a basis in fact.

Plaintiffs, including Tilmon-Jones, filed this action on July 13, 2011, seeking a declaratory judgment that they own the renewal term copyrights in the Abrim Tilmon Catalogue and asserting copyright infringement and various state claims. Plaintiffs filed an amended complaint on October 31, 2011, which Defendants have moved to dismiss.

## LAW AND ANALYSIS

Defendants seek dismissal or summary judgment on Plaintiffs' claims on various grounds, including failure to state a claim, release, res judicata, statute of limitations, and federal preemption of state claims. Because the parties have presented materials outside the complaint, such as the parties' settlement agreement, the court will treat Defendants' motion as one for summary judgment.

**I.   Release**

Defendants contend that Plaintiffs' claims are barred by the settlement agreement and release executed in the 2006 action. Dated August 31, 2007, the release was signed by Janyce Tilmon-Jones, Catherine Cartwright, and Steven Tilmon. The agreement provides:

> WHEREAS, the ESTATE, TILMON-JONES, AND HEIRS
> voluntarily and with full knowledge of their rights and the

> provisions herein, now desire to settle, comprise and dispose of the District Court Action claims, *and any and all other claims they have or might have against COMPANIES [Boladian and Bridgeport] including, but not limited to, any claims that may arise in the future pursuant to any newly discovered facts which are not yet known* to the ESTATE, TILMON-JONES and HEIRS.

Defs.' Ex. B (emphasis added). The release further provides:

> TILMON-JONES, ESTATE and HEIRS hereby release and forever discharge Armen Boladian, individually, and Bridgeport as well as their officers, directors, employees, attorneys, other agents, successors and assigns, privies in contract, from all . . . causes of action . . . or claims of any kind . . . whether now known, disputed or undisputed, accrued or unaccrued, liquidated or contingent, foreseen or unforseen, asserted or unasserted, filed or not yet filed, in contract, tort, at law, or in equity, or before any local, state or federal court, administrative agencies or departments, existing at the time of this Agreement, or which subsequently may exist or arise following the execution of this Agreement, *that could have been brought* by TILMON-JONES, ESTATE and HEIRS pertaining to the causes of action contained in the District Court Action for which this Agreement pertains.

Defs.' Ex. B at ¶ 5 (emphasis added). In addition, the release states:

> TILMON-JONES, ESTATE and HEIRS acknowledge that they may hereafter discover claims or facts in addition to or different from those which they know or believe to exist with respect to the District Court Action for which this Agreement pertains, but that it is their intention hereby to fully, finally and forever to settle and release any and all released matters, disputes and differences, known or unknown, suspected or unsuspected, which now exist, may exist, or heretofore have existed between COMPANIES on the one hand, and TILMON-JONES, ESTATE and HEIRS on the other hand with respect to the District Court Action.

Id. at ¶ 6.

Like any contract, an unambiguous release must be construed as written. Kellogg Co. V. Sabhlok, 471 F.3d 629, 632 (6th Cir. 2006) (Michigan law). "The scope of a release is controlled by the language of the release. . . . If the language of the release is unambiguous, it must be

construed as written. A contract is ambiguous only if its language is reasonably susceptible to more than one interpretation." Id. (citations and internal quotation marks omitted).

The broad language of the release clearly bars Plaintiffs' claims in this matter. Plaintiffs do not argue that the release is ambiguous or unenforceable. Rather, Plaintiffs suggest that the settlement and release should be set aside because they were obtained through "fraud on the court." Indeed, perhaps realizing that the release is fatal to their claims, Plaintiffs attempted to set aside the settlement in the 2006 action. The court has already rejected this argument as being without merit. See Case No. 06-14048, Docket No. 101. Plaintiffs also suggest, in general, that Defendants' motion is premature and that discovery is needed. However, no discovery is necessary or material to the interpretation of the release, which is unambiguous as a matter of law.

Plainly, the parties' intent was to bar claims that were brought or could have been brought in the 2006 action. The copyright renewals at issue in this case were filed at the U.S. Copyright Office, and publicly available, between 1998 and 2004. See Amended Complaint. A list of the songs at issue here was attached to the 2006 Complaint. Had Plaintiffs exercised reasonable diligence, they could have brought claims related to all the songs at issue in the 2006 action.

## II. Res Judicata

For these reasons, Plaintiffs' claims are barred by res judicata as well as release. "The preclusive effect of a federal-court judgment is determined by federal common law." Taylor v. Sturgell, 553 U.S. 880, 891 (2008). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action."

Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 528 (6th Cir. 2006) (citing Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)).  Res judicata, or claim preclusion, has four elements:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

Rawe, 462 F.3d at 528 (citation omitted).

The elements of claim preclusion are met here.  First, the there was a final decision on the merits of the 2006 action, as a result of the parties' settlement.  Second, this action involves the same parties or their privies.  The Estate of Abrim Tilmon and Janyce Tilmon-Jones were plaintiffs in the 2006 action; and, although not plaintiffs, Catherine Cartwright and Steven Tilmon signed and agreed to be bound by the settlement agreement.[3]  Bridgeport Music and Armen Boladian were defendants in the 2006 action; it is undisputed that Defendants Southfield Records, Westbound Records, and Nine Records are all affiliate companies of Bridgeport and Boladian.  See Sanders Confectionary Prods. Inc. v. Heller Financial, Inc., 973 F.2d 474, 481 (6th Cir. 1992) ("Privity in this sense means a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented.").

---

[3] Global Royalty Network & Publishing was not a party to the 2006 action.  Plaintiffs Tilmon-Jones, Cartwright, and Tilmon apparently assigned some rights to the Abrim Catalogue to Global in 2007, after the judgment was entered in the 2006 action.  See Def's. Ex. F; Compl. at Ex. 1.  To the extent Plaintiffs could have pursued causes of action related to those songs in the 2006 action, Global is precluded from vindicating those rights here.  See 18A Wright & Miller, Federal Practice & Procedure § 4462 ("Many cases recognize the rule that claim, defense, and issue preclusion bind – and also benefit – a nonparty who takes property by transfer from a vanquished party after judgment.").

Third, as discussed above, issues related to the copyright ownership of the Abrim Catalogue songs could have and should have been litigated in the 2006 action.[4] A list of those songs was attached to the 2006 complaint and the copyright renewals related to them were publicly available at that time. With the exercise of reasonable diligence, any dispute or issue regarding the copyright renewals or claimed ownership of the Abrim Catalogue could have been discovered and brought in the 2006 action. Therefore, Plaintiffs' claims are barred by claim preclusion.

### III. Discovery

Plaintiffs suggest that Defendants' motion is premature and that discovery is needed.[5] As noted above, however, no discovery is necessary for the court to determine that Plaintiffs' claims are barred by release and res judicata as a matter of law. Other than passing mentions of release and res judicata, Plaintiffs have failed to address Defendants' other arguments in favor of dismissal. For example, Defendants argue that Plaintiffs have failed to state a claim with respect to the copyright renewals because those renewals correctly name Abrim Tilmon and/or Plaintiffs as the copyright owners. Plaintiffs have not responded to this argument; again, Plaintiffs do not need discovery in order to articulate why they have stated a claim in their complaint as a matter of law. The same is true for Defendants' arguments that Plaintiffs' state law claims are

---

[4] The only example of alleged infringement after the 2007 settlement in the complaint is Plaintiffs' claim that Defendant Westbound Records violated 17 U.S.C. § 1202 by putting a false copyright notice on *The Original Eight Mile* CD, which includes the Tilmon song, "Feel the Need." Defendants claim, however, that the copyright notice on the CD is correct and that 17 U.S.C. § 1202 does not apply. Plaintiffs do not respond to Defendants' arguments and have thus waived the opportunity.

[5] Defendants have moved to strike Plaintiffs' motion for discovery/response as untimely. The court declines to strike Plaintiffs' motion.

preempted by federal copyright law and all of Plaintiffs' claims are barred by the statute of limitations and laches. Plaintiffs had an opportunity to set forth legal argument and authority as to why their complaint should survive Defendants' motion to dismiss or for summary judgment. They chose not to do so and have thereby waived their opportunity. See Guarino v. Brookfield Twp. Trustees, 980 F.2d 399, 405 (6th Cir. 1992) ("This burden to respond [to a dispositive motion] is really an opportunity to assist the court in understanding the facts. But if the non-moving party fails to discharge that burden – for example, by remaining silent – its opportunity is waived and its case wagered.").

**IV.     Sanctions**

Indeed, Plaintiffs' failure to set forth argument and legal authority in response to each of Defendants' arguments can only lead the court to conclude that their complaint utterly lacks factual and legal support. This would have been clear to Plaintiffs had they conducted a reasonable inquiry before filing their complaint or, at the very least, when they received Defendants' motions to dismiss and for sanctions. Further, Plaintiffs continue to press the serious allegations that the judgment in the 2006 action was procured through fraud on the court, or as the result of Defendants' alleged failure to produce documents, when this court has already found that Plaintiffs' allegations in this regard were without merit.

In addition to filing a clearly meritless action, Plaintiffs filed the Declaration of Jane Peterer, containing inflammatory allegations having nothing to do with the issues this court had to decide regarding Defendants' motion to dismiss. Before filing the Peterer Declaration, Plaintiffs' counsel sought $1 million from Defendants in exchange for Plaintiffs' promise not to file it, suggesting that it was not filed for its merit, but for an improper purpose. After the court

sealed the Peterer Declaration, Plaintiffs' attorney Gregory Reed filed his own declaration, summarizing and repeating allegations contained in the Peterer Declaration, in an apparent attempt to circumvent the sealing of the Peterer Declaration. Mr. Reed has been sanctioned by Judge Borman for filing the same Reed Declaration in Case No. 03-72211, Docket No. 97. Nonetheless, Mr. Reed has not withdrawn his declaration in this matter.

After considering Plaintiffs' response to Defendants' motion for sanctions, the court concludes that Plaintiffs' attorneys – Gregory Reed and Jeffrey Thennisch – have filed a frivolous action to harass Defendants and have multiplied the proceedings unreasonably and vexatiously, in violation of Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. Plaintiffs' attempts to re-litigate their copyright dispute with Defendants and to harass them by interjecting irrelevant accusations of wrongdoing must end. As a deterrent against future misconduct, the court will award Defendants their reasonable attorney fees and costs incurred in defending this action, to be paid by Gregory Reed and Jeffrey Thennisch, jointly and severally. Defendants shall submit an affidavit and billing records in support of their request for fees and costs within ten days of the date of this order.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED as follows:

Defendants' motion to dismiss [docket no. 25] is GRANTED.

Defendants' motion to strike the Declaration of Gregory J. Reed [docket no. 32] is GRANTED.

Defendants' motion to strike Plaintiffs' response [docket no. 37] is DENIED.

Defendants' motion for sanctions [docket no. 48] is GRANTED.

Defendants' motion to file a response to the Declaration of Gregory J. Reed [docket no. 53] is DENIED.

Defendants' motions to supplement the record [docket nos. 55, 56, and 57] are GRANTED.

**SO ORDERED.**

s/John Corbett O'Meara
United States District Judge

Date: September 26, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 26, 2012, using the ECF system.

s/William Barkholz
Case Manager