UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANYCE TILMON-JONES,
individually, and in her capacity as Personal
Representative of the Estate of Abrim Tilmon, Jr;
CATHERINE M. CARTWRIGHT,
an individual resident of the state of Michigan;
STEVEN M. TILMON,                                    Case No. 11-13002
an individual resident of the state of Indiana;
GLOBAL ROYALTY NETWORK &                             Hon. John Corbett O'Meara
PUBLISHING, a Gibraltar Corporation,

       Plaintiffs,

v.

BRIDGEPORT MUSIC, INC.,
a Michigan corporation; SOUTHFIELD MUSIC, INC.,
a Michigan corporation; WESTBOUND RECORDS, INC.,
a Michigan corporation; NINE RECORDS, INC.,
a Michigan corporation; SYNC2PICTURE, LLC,
a Michigan limited liability company; and
ARMEN BOLADIAN, an individual resident
of the state of Michigan,

       Defendants.

_____/

**ORDER DENYING PLAINTIFF'S AND ATTORNEY
REED'S MOTIONS FOR RECONSIDERATION**

Before the court are Plaintiff's and attorney Gregory J. Reed's motions for

reconsideration of this court's September 26, 2012 order granting Defendants' motion to dismiss

and for sanctions.  Defendants filed a combined response.  On March 5, 2013, Plaintiff filed a

motion for judicial notice and a motion for leave to file a supplemental declaration.  Defendants

filed another combined response on March 14, 2013.

The standard for granting a motion for reconsideration is as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3). A motion for reconsideration "is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." Smith v. Mount Pleasant Schools, 298 F. Supp.2d 636, 637 (E.D. Mich. 2003) (citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 357, 374 (6th Cir. 1998)).

Neither Plaintiff nor Gregory Reed have demonstrated a "palpable defect" warranting reconsideration here. Gregory Reed maintains that he should not be sanctioned because he has not "filed" pleadings in this action. However, Reed's name is on the complaint and amended complaint and he is co-counsel of record. Further, Reed filed his own declarations, which the court found to be sanctionable. As more fully explained in the court's September 26, 2012 order, Reed is appropriately sanctioned along with his co-counsel.

Plaintiff requests that the court reconsider its dismissal of her complaint. In this regard, Plaintiff either raises new arguments or reasserts arguments already considered by the court, none of which warrant reconsideration of the court's determination that her claims are barred by release and res judicata.

Plaintiff also seeks leave to file a supplemental declaration and requests that the court take judicial notice of a complaint filed in the District of Maryland. Neither of these supplemental filings is relevant to the legal basis on which Plaintiff's complaint was dismissed.

THEREFORE, IT IS HEREBY ORDERED that Gregory J. Reed's motion for

-2-

reconsideration (Docket No. 76), Plaintiff's motion for reconsideration (Docket No. 77),

Plaintiff's motion for judicial notice (Docket No. 99), and Plaintiff's motion for leave to file

supplemental declaration (Docket No. 100) are DENIED.


s/John Corbett O'Meara
United States District Judge


Date:  April 12, 2013



I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 12, 2013, using the ECF system.


s/William Barkholz
Case Manager